

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 28, 2022

**By ECF and Hand Delivery**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States* v. *Lequan Eley*, 20 CR 171 (RA)

Dear Judge Abrams,

    The Government respectfully submits this letter in advance of the defendant's sentencing in connection with the pending violation of supervised release proceedings, now scheduled for December 15, 2022 at 10:30 AM.  On November 21, 2022, the parties appeared before the Court for sentencing at which time the Government advised the Court of certain evidence, namely an audio recording, which the Government had received earlier that same day and that indicated that the defendant had on at least one recent occasion threatened to murder the mother of the defendant's four children (the "CV").  Based on an initial investigation, including interviews of the CV, the Government has identified certain evidence that on multiple occasions since he was arrested and detained in connection with these violation of supervised release proceedings, the defendant has threatened the life of the CV.  Based on this new evidence, which the Government details below, the Government and United States Probation Office respectfully repeat the sentencing recommendation in the letter of the Government dated November 14, 2022.  To that recommendation, the Government and United States Probation Office now respectfully add the further recommendation of a discretionary condition of supervised release requiring the defendant not to have any contact of any kind, whether direct or indirect, with the CV, except with the prior written approval of the United States Probation Office.

    With respect to the initial investigation of the Government, the Government has conducted multiple interviews with the CV, who has reported and is prepared to testify that on multiple occasions since in or about February 2022, the defendant, while in the custody of the Bureau of Prisons, has repeatedly threatened her life, both orally and in writing.  Although the CV recently lost access to the cellphone on which she participated in these communications, the CV suggested that she had previously shared certain evidence of these communications with others.  The Government can corroborate this last fact and encloses two exhibits of evidence that it has obtained and that reflect communications that the CV shared with others before losing access to her cellphone.  Exhibit 1, an audio recording, reflects part of a voicemail that the CV states the

defendant left for her on or about October 5, 2022, in which the defendant states, among other things, "I am going to murder you" in reference to the CV, whom he identifies as a "stupid ass bitch." Exhibit 2, a screen shot of a Corrlinks email, reflects an email that the CV states the defendant sent to her on or about June 22, 2022 in which the defendant states, among other things, "YOU PLAY SO I PLAY WITH YALL LIFE," following other threats. Based on the history of the defendant's proven violence against the CV, including the specifications of domestic violence that he has admitted in these violation of supervised release proceedings, the Government respectfully submits that the CV's account of the threats against her life that she has received on multiple occasions from the incarcerated defendant are credible and convincing, particularly insofar as they are corroborated by the enclosed exhibits.

As previously detailed, with respect to the conditions of supervised release that the Court may impose, in addition to the mandatory and so-called "standard" and "special" conditions, the Court may also impose discretionary conditions:

> The court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D.13(b). *See also* 18 U.S.C. § 3583(d)(1)-(3) (same). In particular, the Court may, in its discretion, impose conditions of supervision including that a defendant "refrain . . . from associating unnecessarily with specified persons." 18 U.S.C. § 3563(b)(6). And in multiple cases around the country, appellate courts have upheld no-contact conditions in the specific context of defendants who have committed acts of violence against their wives or girlfriends whose protections district courts have found require the imposition of such no-contact conditions. *See, e.g.*, *United States v. Landrum*, 854 F. App'x 351, 353-54 (11th Cir. 2021) (*per curiam*) (affirming no-contact condition between defendant and the girlfriend he abused); *United States v. Wilkins*, 909 F.3d 915, 918 (8th Cir. 2018) (affirming no-contact condition between defendant and the wife he abused).

Here, a no-contact condition between the defendant and the CV is tied directly to the nature and circumstances of the offense, which includes multiple incidents of serious domestic violence, and the history and characteristics of the defendant, who has abused the CV for years, as his criminal history demonstrates. The no-contact condition also is necessary to protect the CV. Although, the no-contact condition certainly works a deprivation of liberty against the defendant, the tradeoff here, the life of the CV, which the defendant has expressly and recently and credibly threatened, plainly justifies such a deprivation. *See Landrum*, 854 F. App'x at 354 ("[no-contact condition] is also not a greater deprivation of liberty than reasonable because, while it restricts [the defendant's] ability to see [his girlfriend], with his history of domestic violence in general, and his history of domestic violence against [his girlfriend] in particular, it is needed to protect her from

future abuse"). The proposed no-contact condition, insofar as it includes a potential exception drawn by the United States Probation Office, specifically also contemplates the potential needed flexibility for communications between the defendant and the CV should he retain any custodial or visitation rights for any of his four children with the CV upon his eventual release from prison, a matter whose litigation is pending in state court proceedings.

For the reasons set out above and in the letter of the Government dated November 14, 2022, the Government respectfully requests that the Court revoke the term of supervised release against the defendant, require the defendant to serve a term of imprisonment of 24 months, and require the defendant thereafter to serve a term of supervised release of six years, with a discretionary condition of supervised release requiring the defendant not to reside with the mother of his children or those children or anywhere within 1,000 feet of their residence or residences and a further discretionary condition of supervised release requiring the defendant not to have any contact of any kind, whether direct or indirect, with the mother of his children, except with the prior written approval of the United States Probation Office.

    Respectfully,

    DAMIAN WILLIAMS
    United States Attorney

By: *Thomas John Wright*
    Thomas John Wright
    Assistant United States Attorney
    (212) 637-2295

Enclosure: Compact Disc (by hand delivery)

cc: Elisha Rivera (United States Probation Office) (by email)
    Washington Herrera (United States Probation Office) (by email)
    Christopher Wright (Counsel to Defendant Lequan Eley) (by ECF)